JS-6

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GD DOE, a minor, by and through his Guardian *ad litem*, JANE SM DOE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NEWPORT MESA UNIFIED SCHOOL DISTRICT, a local public entity;<br>RIGO PINON, an individual; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 8:25-cv-02052-JWH-KES<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [ECF No. 22] AND GRANTING PLAINTIFF'S MOTION TO REMAND [ECF No. 11]** |

This action involves allegations that a high school coach and other school officials turned a blind eye to the bullying, harassment, and physical assault that one student suffered at the hands of another.[1]

Presently before the Court are the following matters:

- the motion[2] of Defendants Newport Mesa Unified School District ("NMUSD") and Rigo Pinon to dismiss the Complaint of Plaintiff John GD Doe, a minor who is proceeding pseudonymously through his guardian *ad litem*;[3] and
- Doe's motion to remand.[4]

The Court concludes that these matters are appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers of record,[5] the Court **GRANTS in part** and **DENIES in part** Defendants' Motion to dismiss and **GRANTS** Doe's Remand Motion, for the reasons set forth below.

## I.  BACKGROUND

**A.   Factual Allegations**

In ruling on a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n v. City &*

---

[1]   *See generally* Compl. (the "Complaint") [ECF No. 1-1].

[2]   Defs.' Mot. to Dismiss (the "Motion") [ECF No. 22].

[3]   Complaint 2:3-4.

[4]   Pl.'s Mot. to Remand (the "Remand Motion") [ECF No. 11].

[5]   The Court considered the documents of record in this case, including the following papers:  (1) Complaint; (2) Motion; (3) Pl.'s Opp'n to the Motion (the "Opposition") [ECF No. 24]; (4) Defs.' Reply in Supp. of the Motion (the "Reply") [ECF No. 25]; (5) Remand Motion; (6) Defs.' Opp'n to the Remand Motion (the "Remand Opposition") [ECF No. 15]; (7) Pl.'s Reply in Supp. of the Remand Motion (the "Remand Reply") [ECF No. 18].

*County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002).  Doe's allegations in this case may be summarized as follows:

Doe was born in February 2010.[6]  The alleged tortious conduct took place while Doe was a freshman at Newport Harbor High School ("NHHS") during the 2024-2025 school year, when Doe was a member of the school's wrestling team.[7]  From August through October 2024, Doe was subjected to ongoing harassment, assault, bullying, and abuse by a senior student who was also on the wrestling team.[8]

Specifically, in October 2024, the NHHS wrestling team attended a school-sponsored tournament called "Freakshow" in Las Vegas, Nevada.[9]  The team stayed in a hotel during the tournament.  Doe alleges that the senior chased Doe through the hotel and threw baby oil on him.[10]  When hotel security intervened, the senior threatened Doe.[11]  Later that evening, the senior entered Doe's hotel room and strangled Doe until Doe almost lost consciousness, then the senior dropped Doe and left the room.[12]

The next day, after competing in the wrestling tournament, Doe returned to his hotel room to find that the senior had entered Doe's room and had urinated on his bed, his clothing, and his personal belongings.[13]  Doe confronted

---

[6]     Complaint ¶ 25.

[7]     *Id.*

[8]     *Id.*

[9]     *Id.* at ¶ 25(a).

[10]    *Id.*

[11]    *Id.*

[12]    *Id.*

[13]    *Id.* at ¶ 25(b).

-3-

the senior, and the senior responded by threatening Doe, kicking Doe, and strangling Doe until he was unconscious.[14]

When Doe regained consciousness, Pinon was present.[15]  Pinon was the wrestling coach and a teacher at NHHS.[16]  Doe informed Pinon of the bullying that the senior had inflicted on him.[17]  In response, Pinon called the senior's father and instructed the father to "resolve this" with Doe's mother.[18]

After Doe's mother spoke with the senior's father, Doe's mother was concerned about the senior's reaction, and she contacted Pinon.[19]  Pinon informed Doe's mother that he was aware of prior complaints of bullying by the senior, but that the senior's father always "took care of it."[20]

On October 22, 2024, Doe's mother called NHHS to report both the abuse that Doe had suffered and coach Pinon's reaction.[21]  Two days later, Doe's mother met with the NHHS Assistant Principal and Athletic Director to explain Doe's situation.[22]  Thereafter, the Assistant Principal and Athletic Director told NHHS Principal Sean Boulton about the bullying that had

---

[14]     *Id.*

[15]     *Id.* at ¶ 25(c).

[16]     *Id.* at ¶ 11.

[17]     *Id.* at ¶ 25(c).

[18]     *Id.*

[19]     *Id.* at ¶ 25(d).

[20]     *Id.* at ¶ 25(e).

[21]     *Id.* at ¶ 25(f).

[22]     *Id.*

-4-

occurred at the tournament.[23]  Boulton then informed Doe's mother that **Doe** would be suspended.[24]

In response, Doe's mother contacted NMUSD to report her son's abuse, to report coach Pinon for concealing the abuse that Doe had suffered from the senior, and to report the NHHS employees for their inaction and retaliation for Doe's mother's report of Doe's abuse.[25]  After receiving Doe's mother's report, NHHS terminated Pinon's employment, and Boulton conducted a meeting during which several parents expressed concerns for their children's welfare stemming from bullying perpetrated by the senior who had assaulted Doe.[26]

### B.  Procedural History

In June 2025, Doe filed the instant action in Orange County Superior Court, asserting claims including negligence, intentional infliction of emotional distress, public entity liability, and violations of Title IX—20 U.S.C. §§ 1681(a), *et seq.*[27]

In September 2025, Defendants removed the action to this Court based upon federal question and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1367.[28]  Later that month, Defendants filed their first motions to dismiss Doe's Complaint.[29]  Six days later, Doe filed the instant Remand Motion.[30]

---

[23]  *Id.*

[24]  *Id.*

[25]  *Id.* at ¶ 25(g).

[26]  *Id.*

[27]  *See generally id.*

[28]  *See* Not. of Removal (the "Notice of Removal") [ECF No. 1] ¶¶ 7 & 9.

[29]  Defs.' Mots. to Dismiss (the "First Dismissal Motions") [ECF Nos. 4 & 10].

[30]  *See* Remand Motion.

In March 2026, the Court denied Defendants' First Dismissal Motions without prejudice because in his opposition Doe represented that he could amend his pleading and fix any deficiencies that the Court may find.[31]  In the Order, the Court directed Doe to file an amended pleading, if at all, no later than April 17, 2026.[32]  Doe did not amend his Complaint.  On April 21, 2026, Defendants filed the instant Motion.[33]

## II.  LEGAL STANDARD

### A.    Rule 12(b)(6)—Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Although a complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions.  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ."  *Twombly*, 550 U.S. at 555–56 (citations and footnote omitted).  Accordingly, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," which means that a plaintiff must plead sufficient factual content to "allow[] the Court to draw the reasonable inference that the defendant is liable for the misconduct

---

[31]    Order Denying the First Dismissal Motions and Setting Hr'g on the Remand Motion (the "Order") [ECF No. 21] 6:18–7:4.

[32]    *Id.* at 8:10–14.

[33]    *See* Motion.

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  A complaint must contain "well-pleaded facts" from which the Court can "infer more than the mere possibility of misconduct."  *Id.* at 679.

**B.      28 U.S.C. § 1441—Removal Jurisdiction**

Federal courts are courts of limited jurisdiction.  Accordingly, "[t]hey possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  In every federal case, the basis for federal jurisdiction must appear affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).  "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress."  *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted).  When Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.  *See id.*

To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts."  *Syngenta*, 537 U.S. at 33.  As such, a defendant may remove a civil action in which either (1) a federal question exists; or (2) complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331 & 1332.

The right to remove is not absolute, even when original jurisdiction exists.  In other words, the removing defendant bears the burden of establishing that removal is proper.  *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is

proper." (quotation marks omitted)).  Any doubts regarding the existence of subject-matter jurisdiction must be resolved in favor of remand.  *See id.* ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  "In a case that has been removed to federal court on the basis of federal question jurisdiction, the Court may remand to state court after dismissing all federal claims."  *Daniels v. Specialized Loan Servicing, LLC*, 2019 WL 6794212, at *4 (C.D. Cal. Oct. 1, 2019) (citing 28 U.S.C. § 1447; *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009)).

**C.      28 U.S.C. § 1367—Supplemental Jurisdiction**

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

A district court has the discretion to decline to exercise supplemental jurisdiction over a state law claim when "the district court has dismissed all claims over which it has original jurisdiction[.]"  28 U.S.C. § 1367(c)(3).  In deciding whether to decline to exercise supplemental jurisdiction in such cases, a court should consider "principles of economy, convenience, fairness, and comity[.]"  *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).  However, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Id.* at 350 n.7.

## III.  ANALYSIS

**A.    Defendants' Motion to Dismiss**

    **1.    Claim 7—Violations Arising Under 20 U.S.C. § 1681(a) (Title IX)**

        **a.    Doe's Title IX Claim Against Individual Defendant Pinon**

Defendants argue that Doe's Title IX claim against Pinon "fails as a matter of law because a Title IX claim can only be brought against an educational institution."[34]  The Court agrees with Defendants.

"Overwhelming authority" suggests that only institutions, and not individuals, may be held liable under Title IX.  *Large v. Regents of Univ. of California*, 2012 WL 3647455, at *6 (E.D. Cal. Aug. 22, 2012); *see also Roe* ex rel. *Callahan v. Gustine Unified Sch. Dist.*, 678 F. Supp. 2d 1008, 1024 (E.D. Cal. 2009) (granting summary judgment in favor of individual defendants sued in their personal capacity under Title IX for sexual discrimination and harassment); *Doe v. Petaluma City Sch. Dist.*, 830 F. Supp. 1560, 1576 (N.D. Cal. 1993) ("*Petaluma I*") ("individuals may not be held personally liable under Title IX").  While the Ninth Circuit has not directly addressed this issue, the Supreme Court has stated that Title IX has "consistently been interpreted as ***not*** authorizing suit against school officials, teachers, and other individuals." *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 247 (2009) (emphasis added).

In his Opposition, Doe addresses the wrong case and cites inapposite authority.[35]  First, Doe argues that the case that Defendants cite "is irrelevant" because it deals with qualified immunity.[36]  But Doe refers to the wrong case.

---

[34]    *Id.* at 12:2–3.

[35]    Opposition 15:7–16:5.

[36]    *Id.* at 15:8–14.

Defendants' argument relies, in part, on the district court case *Petaluma I*, whereas the qualified immunity case that Doe avers is irrelevant is *Doe* ex rel. *Doe v. Petaluma City Sch. Dist.*, 54 F.3d 1447 (9th Cir. 1995) ("*Petaluma II*")— the ***appeal*** from the district court's decision.[37]  In those cases, the district court properly dismissed the individual defendant, holding that he could not be sued as an individual under Title IX, and that issue was not appealed.  *See Petaluma II*, 54 F.3d at 1449 ("The district court entered an order holding that the School could be held liable under Title IX, [Defendant] could not be sued as an individual under Title IX but could be sued for Title IX violations through section 1983, and that [Defendant] was not entitled to qualified immunity. [Defendant] appeals from the order denying qualified immunity.").  Therefore, the case upon which Doe relies supports Defendants' position, not his.

Next, Doe argues that the Supreme Court's decision in *Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629 (1999), renders the analysis in *Petaluma II* "obsolete."[38]  But Doe's argument does not address the question of individual liability for Pinon.  Rather, Doe contends that the cited case "establish[es] the modern framework for analyzing institutional liability . . . ."[39]  But that proposition is irrelevant to establishing Pinon's individual liability.  Therefore, Doe's Title IX claim fails against Pinon as a matter of law.

Accordingly, the Court **DISMISSES without leave to amend** Doe's Title IX claim against Pinon.  *See Maple v. Costco Wholesale Corp.*, 649 F. App'x 570, 572–73 (9th Cir. 2016) (holding that a claim that fails as a matter of law should be dismissed with prejudice).

---

[37]     *See id.* at 15:9–10.

[38]     *Id.* at 15:26–16:5.

[39]     *Id.* at 15:27–28.

-10-

### b. Doe's Title IX Claim Against NMUSD

Defendants argue that Doe's Title IX claim fails to state a claim because Doe "pleads no facts that he was discriminated against based on his sex."[40] Doe responds by arguing that all he must prove are the five elements of a Title IX violation.[41] The Court agrees with Defendants.

Title IX provides that "[n]o person in the United States shall, **on the basis of sex**, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). A plaintiff "must establish **sexual harassment** of students that is so severe, pervasive, and objectively offensive . . . that the victim-students are effectively denied equal access to an institution's resources and opportunities." *Davis*, 526 U.S. at 651 (emphasis added). The Supreme Court further explains that "[w]hether **gender-oriented** conduct rises to the level of actionable harassment thus depends on a constellation of surrounding circumstances, expectations, and relationships." *Id.* Indeed, in every case examined by the Court, plaintiff's Title IX allegations arose from sexual misconduct, harassment, or assault. *See, e.g.*, *id.* at 633 (Title IX allegations that the plaintiff's daughter had been the victim of sexual harassment by another student); *Karasek v. Regents of Univ. of California*, 956 F.3d 1093, 1099 (9th Cir. 2020) (Title IX allegations arising from victims who were sexually assaulted while undergraduates); *A.B. v. Regents of Univ. of Cal.*, 2021 WL 5195639, at *1 (C.D. Cal. Oct. 3, 2021) (Title IX allegations arising from sexual assault and sexual battery); *Petaluma I*, 830 F. Supp. at 1564 (Title IX allegations arising from repeated sexual harassment).

---

[40]    Motion 12:13–15.

[41]    Opposition 10:2–21.

Here, Doe's Title IX claim against NMUSD is insufficient because his Complaint contains no allegations of harassment on the basis of sex.  Doe's Complaint pleads no sexual misconduct, sexual harassment, sexual battery, or any other sex- or gender-based conduct.[42]  Rather, the Complaint alleges "egregious bullying, harassment, and physical assault."[43]  Doe's Opposition ignores that criticism from Defendants and instead skips to an analysis of the five *Davis* elements.[44]  But those elements are used to determine when a recipient of federal funds may be liable for damages under Title IX, ***not*** to determine whether an abuser's conduct rises to the level of a violation of Title IX.  *See Davis*, 526 U.S. at 640–41.  Therefore, Doe's Title IX claim against NMUSD fails as a matter of law.

Accordingly, the Court **DISMISSES without leave to amend** Doe's Title IX claim against NMUSD.  *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation modified)).

### 2.    Doe's Other Claims for Relief

In view the Court's decision (1) to grant Defendants' Motion and to dismiss Doe's only federal claim for relief;[45] and (2) to grant Doe's Remand Motion,[46] the Court refrains from making a substantive ruling on Defendants' Motion to dismiss Doe's other six claims for relief; Defendants' instant Motion is **DENIED without prejudice** with respect to those claims.  If Defendants

---

[42]    *See generally* Complaint.

[43]    *Id.* at 2:8–9.

[44]    Opposition 10:9–21.

[45]    *See supra* Part II.A.1.

[46]    *See infra* Part II.B.

-12-

choose to pursue their efforts to dismiss those claims, they may do so in the state court.

## B.    Doe's Motion to Remand

"When a case is in federal court on federal question jurisdiction, and the federal claims are dismissed before trial, the trial court should decline to exercise supplemental jurisdiction and dismiss or remand as appropriate the remaining state law claims." *Taylor v. Bosco Credit*, 2019 WL 2644671, at *4 (N.D. Cal. June 27, 2019) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also Andrews v. Bd. of Trs. of the California State Univ.*, 2019 WL 4137622, at *1 (C.D. Cal. May 28, 2019) ("When a case is removed based on federal question jurisdiction and all federal claims have been dismissed, the district court may, in its discretion, decline to exercise jurisdiction over any remaining state law claims and remand those claims to state court."); *York v. Int'l Acad. of Film & Television, LLC*, 2016 WL 3360953, at *1 (C.D. Cal. June 13, 2016) ("If the federal claims that served as the basis for removal are eliminated, the district court has discretion to decline to exercise its supplemental jurisdiction and to remand the remaining state law claims to state court." (citing 28 U.S.C. § 1367(a); *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991))).

Here, Defendants removed the instant action based upon federal question jurisdiction.[47]  As previously discussed, the Court dismissed Doe's Title IX claim that gives rise to federal question jurisdiction.  Therefore, the Court exercises its discretion and declines to assert supplemental jurisdiction over the remaining state-law claims.  *See Taylor*, 2019 WL 2644671, at *4.

Accordingly, the Court **GRANTS** Doe's Remand Motion.

---

[47]    Notice of Removal ¶¶ 7 & 9.

-13-

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.      Defendants' Motion to dismiss [ECF No. 22] is **GRANTED in part** and **DENIED in part**.  Specifically,

a.      Doe's seventh claim for relief arising under Title IX is **DISMISSED without leave to amend**; and

b.      Defendants' Motion is otherwise **DENIED without prejudice**.

2.      Doe's Remand Motion [ECF No. 11] is **GRANTED**.

3.      This case is **REMANDED** to Orange County Superior Court.

**IT IS SO ORDERED.**

Dated:____May 26, 2026____

John W. Holcomb
UNITED STATES DISTRICT JUDGE

-14-